IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DEBRA ANN COOK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, Commissioner )<br>of Social Security Administration, )<br>)<br>Defendant. ) | CV 307-072 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

## I. BACKGROUND

Plaintiff applied for DIB and SSI on December 2, 2003; these applications were denied initially and upon reconsideration. Tr. ("R."), pp. 36-39, 62-64, 276-79, 42-45, 286-89, 282-85. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). At

the hearing, Plaintiff, who was represented by a an attorney, testified on her own behalf; the ALJ also heard testimony from a Vocational Expert ("VE"). R. 295-320. The ALJ issued an unfavorable decision on April 11, 2007. R. 13-23.

Applying the five-step sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has the following severe impairments: Lumbar degenerative joint disease. (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant is unable to perform any of her past relevant work (20 C.F.R. §§ 404.1565 and 416.965) but retains the residual functional capacity to perform light exertional work (20 C.F.R. §§ 404.1567(b) and 416.967(b)).[1] The claimant lifts her 19 pound son many times per day. Her activities of daily living include driving a car, making up beds, doing laundry and raking, sweeping and mowing (a little on each) per claimant's testimony. She can occasionally climb (but

---

[1]Light work involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) and 416.967(b).

2

never on ladders, ropes, or scaffolds). She can never crouch or stoop. She needs a sit/stand option, where she is able to shift from being on her feet standing/walking to sitting, and back again, every 30 minutes - - not to exceed 5 hours on her feet, and 5 hours sitting, during an 8 hour workday. She can reach occasionally bilaterally (but never overhead). She can frequently use both hands for handling, feeling, fine and gross manipulation. She should not work on unguarded dangerous machinery, or on heavily vibrating machinery (note however that claimant can and does drive an automobile so she can withstand some vibration). She has moderate pain (i.e., the most one could assess with these activities of daily living).

5. Based on the claimant's age, education, and work experience, and the testimony of the VE, and using Medical-Vocational Rule 201.25 as a framework for decision-making, there are a significant number of jobs in the national economy that the claimant can perform, including: paper cone machine tender (DOT # 641.685-062), sealing machine tender (DOT # 641.685-074), and a silverware wrapper (DOT # 318.687-018). Thus, the claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

R. 15-22.

When the AC denied Plaintiff's request for review, the Commissioner's decision was "final" for the purpose of judicial review under 42 U.S.C. § 405(g). Having exhausted her administrative remedies, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal of that adverse decision. Plaintiff now argues that the ALJ erred: 1) by failing to properly evaluate the opinion evidence by Gregorio A. Abad, M.D., and failing to recontact James Giannini, M.D., and 2) by relying upon VE testimony which contradicts the Dictionary of Occupational Titles ("DOT"). (See generally Pl.'s Br.).

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following

questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his

4

conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

A.   **Opinion of Treating Physician**

Plaintiff argues that the case should be remanded because the ALJ erred in failing to state with particularity the weight given to Dr. Abad, one of Plaintiff's treating physicians. (Pl.'s Br., pp. 13-15). The Commissioner argues that the ALJ did consider Dr. Abad's reports and assessments; however, Dr. Abad's assessments about Plaintiff are controverted by the report and assessment of Jeffrey A. Fried, M.D., an agency consultative examiner. (Comm'r Br., p. 11). The Commissioner also states, "As the ALJ's discussion and analysis of the evidence makes clear, the statements by Dr. Abad were properly evaluated and assigned appropriate probative weight." (Id.). Notably, however, the Commissioner does not point to where the ALJ has analyzed Dr. Abad's reports and assessments, let alone stated with particularity the weight given to the reports and assessments, or the reasons therefor. As such, Plaintiff has the better argument.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner

show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (ruling that ALJ must accord substantial or considerable weight to opinion of treating physician unless "good cause" to the contrary is shown); Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) (*per curiam*) (same). The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991).

In this case, Plaintiff contends that the ALJ erred because he failed to explain the weight given to Dr. Abad's opinion noted in the reports and assessments. (Pl.'s Br., pp. 13-15). The Court agrees. The ALJ's opinion sets forth the findings of Dr. Abad, Dr. Sandra Souza, a treating physician, Dr. James Giannini, with the Georgia Department of Family and Children Services, and Dr. Fried a consultative examiner. R. 16-18. Although the ALJ did set forth Dr. Abad's findings concerning Plaintiff, the ALJ, not only fails to explain the weight given to Dr. Adad's opinion, but also fails to indicate whether or not he relied on the opinion at all. Concerning the medical opinions, the ALJ states as follows:

[Plaintiff's] residual functional capacity is based on the consultative

examination conducted by Dr. Fried [] because it is consistent with the record.

As for the opinion evidence, the undersigned discredits the opinion of Dr. Giannini, claimant's treating physician that she is unable to maintain full time employment. Dr. Giannini's opinion is not supported by the evidence of record [].

The opinion of Dr. Souza, a treating physician that the claimant has been unable to work since November 19, 2004 and it is undeterminable when she will be able to go back to work is also discredited. Dr. Souza's medical records [] do not support her opinion of claimant's ability to work. Furthermore, the opinions of Dr. Giannini and Dr. Souza are ultimate conclusions of fact and law reserved for the Social Security Commissioner. Social Security Ruling 96-5p.

The undersigned gives some weight to the State Agency but greater weight is given to the medical source statement competed by Dr. Fried []. Dr. Fried opined that the claimant could lift/carry 20 pounds occasionally and less that 10 pounds frequently. She can stand/walk a total of 5 hours with normal breaks and sit a total of 5 hours with normal breaks. Dr. Fried had the opportunity to conduct a physical examination and review the claimant's medical records. His opinion is consistent with the evidence and thus greater weight is given to his opinion.

R. 19, 20-21

Notably absent from the ALJ's opinion is any analysis or evaluation of Dr. Abad's opinion. Here, the ALJ did not give Dr. Abad's opinion substantial weight. Although a treating physician's opinion may be properly discredited, refusal to give a treating physician's opinion substantial weight requires that the ALJ show good cause. Schnorr, 816 F.2d at 578. Here the ALJ simply did not give any explanation as to why Dr. Abad's opinion was not entitled to substantial weight. Furthermore, as noted supra, the ALJ is required to 'state with particularity the weight he gave different medical opinions and the reasons therefor.'" See Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987). Indeed, the

7

Commissioner has recognized this duty in another case pending before the Court:

> However, when an ALJ rejects a treating physician or other examining source's medical opinion, he must give, "specific reasons for the weight given to the treating [or examining] source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating [or examining] source's medical opinion and the reasons for that weight." Social Security Ruling 96-2p.

Brown v. Comm'r of Social Sec., CV 306-077, doc. no. 9, n.7 (S.D. Ga. Apr. 2, 2007). In this case, however, the ALJ has simply failed to satisfy this requirement.[2]

Of note, the Commissioner states, "Dr. Abad's assessments regarding Plaintiff in 2004 are controverted by the report and assessment of Dr. Fried in May 2006 wherein the physician, after examination, opined that Plaintiff retained functional abilities essentially consistent with a capacity for light exertional activity." (Comm'r Br., p. 11). The Commissioner then summarily concludes, "[A]s the ALJ's discussion and analysis of the evidence makes clear, the statements by Dr. Abad were properly evaluated and assigned appropriate probative weight." (Id.). However, despite the Commissioner's apparent attempt to convince the Court that the ALJ weighed the evidence to resolve the material conflicts, this post-hoc analysis from the Commissioner is not reflected in the ALJ's opinion.

Plainly, the ALJ does not give Dr. Abad's opinion substantial weight, nor does he provide a reason therefore. In fact, the ALJ failed to it state with particularity what weight -

---

[2]Of course, the Court is aware that the ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion. Bloodsworth, 703 F.2d at 1240. The Court notes that the ALJ did state her reasons for rejecting Dr. Souza's and Dr. Giannini's opinions, namely they were inconsistent with the medical record and are ultimate conclusions of fact and law reserved for the Commissioner. R. 21.

if any - he did give Dr. Abad's opinion.

As the ALJ failed to give Dr. Abad's opinion substantial weight, and failed to state with particularity what weight (if any) was given the opinion, the Court cannot determine how the ALJ resolved the conflicting opinions. The Court must review the decision as delivered by the ALJ, but here the Court is unable to perform any meaningful judicial review because the ALJ simply did not make her thought processes known in her decision. See Hudson v. Heckler, 755 F. 2d 781, 786 (11th Cir. 1985) (noting that in the absence of stating specifically the weight accorded each item of evidence, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence). Stated otherwise, this Court cannot now engage in an administrative review that was not done in the first instance by the Commissioner via the ALJ. Martin, 748 F.2d at 1031. Indeed, as noted above, the Court's "limited review [of the record] precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*) (citing Bloodsworth, 703 F.2d at 1239).

In sum, the ALJ failed to state with particularity what weight (if any) he gave Dr. Abad's opinion. The Court is mindful of the difficulties of evaluating a claimant's impairments and weighing the medical opinions that appear in an administrative record. Nonetheless, the law requires the Commissioner to provide a well-reasoned, well-articulated decision. Without such an analysis, the federal courts are unable to provide claimants with a sound, meaningful review of the administrative decision. Accordingly, this case should be remanded for proper consideration, in the first instance at the administrative level of review,

of all of the medical opinions of record.[3]

## B. Conflict Between the VE's Testimony and the DOT

Although the Court has determined that the case should be remanded based on the ALJ's failure to state with particularity the weight given Dr. Abad's opinion, the Court will briefly address Plaintiff's second argument. Plaintiff argues that the VE's conclusion that Plaintiff, whose residual functional capacity was determined to be light work, is able to perform the occupation of a sealing machine tender, is in apparent conflict with the DOT, which provides that the job of a sealing machine tender requires frequent stooping.[4] (Pl.'s Br., p. 9). If this one occupation is eliminated, Plaintiff argues that the ALJ did not carry his burden at step 5 of showing work "which exists in significant numbers," i.e. only identifying two occupations does not reflect a "significant number." (Id. at 9). In support of her argument, Plaintiff points to Social Security Ruling ("SSR") 00-4p, which requires the ALJ to "identify and obtain a reasonable explanation for any conflicts" between the DOT and VE testimony; the ALJ must then incorporate the resolution of any such conflict in his opinion. Id. at 13 (quoting SSR 00-4p).

The Commissioner concedes that the ALJ erred in not incorporating a resolution of

---

[3]Plaintiff also argues that the ALJ erred in failing to recontact Dr. Giannini. (Pl.'s Br., pp. 15-17). The Court need not address this argument in light of the recommendation for remand to properly address the opinion of Dr. Abad. Of course, on remand, Plaintiff's claims must be evaluated in compliance with the applicable regulations and case law in all aspects, not just those specifically addressed herein.

[4]Plaintiff attached to her brief copies of the applicable portions of the Dictionary of Occupational Titles ("DOT") that list the number, along with the title and physical demands, of the occupation of sealing-machine operator identified by the VE that she challenges as exceeding her capacity. (Pl.'s Br., pp. 21-25).

the conflict, but argues that Plaintiff must show she has been prejudiced by that error. The Commissioner states, "Contrary to Plaintiff's contention, administrative failure to follow a Ruling does not necessarily constitute reversible error." (Comm'r Br., p. 7). The Commissioner maintains that when an ALJ errs by failing to apply a ruling, the claimant seeking judicial review must also demonstrate prejudice arising from that error to be entitled to relief. (Id.). Finally the Commissioner notes that the ALJ identified two occupations that take into consideration Plaintiff's limitations, between these two occupations there are 10,700 jobs regionally and 250,000 nationally, and these jobs represent a significant number of jobs available to Plaintiff. (Id. at 8).

At step four of the sequential evaluation process, the ALJ determined that Plaintiff was unable to perform her past relevant work but had the residual functional capacity to perform "light exertional work activity." R. 18-19. Because Plaintiff could no longer perform her past relevant work, the burden shifted to the Commissioner to show the existence of other types of substantial gainful employment that Plaintiff could perform given her age, education, previous work experience, and residual functional capacity. See Phillips v. Barnhart, 357 F.3d 1232, 1239 (11th Cir. 2004). In this regard, the ALJ properly consulted a VE in conjunction with the Medical-Vocational Guidelines. R. 315-20. In response, the VE testified that Plaintiff could perform the following jobs: paper cone machine tender (DOT # 641.685-062), sealing machine tender (DOT # 641.685-074), and a silverware wrapper (DOT # 318.687-018). R. 317-18. These jobs exist in Georgia and the national economy as follows: (1) paper cone machine tender (DOT # 641.685-062), – 1,200 jobs in Georgia, 150,000 nationally; (2) sealing machine tender (DOT # 641.685-074), – 4,000 jobs

in Georgia, 100,000 nationally; (3) and a silverware wrapper (DOT # 318.687-018) – 9,500 jobs in Georgia, 100,000 nationally. Id.

Here, Plaintiff argues that the VE's mistaken testimony does not carry the Commissioner's step-5 burden, thus, this error requires reversal. (Pl.'s Br., pp. 9-10). However, in the Eleventh Circuit, this error is not a stand-alone basis for reversal. The Eleventh Circuit has stated, "We agree with the Sixth Circuit that when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT. We so hold because the DOT 'is not the sole source of admissible information concerning jobs.'" Jones v. Apfel, 190 F.3d 1224, 1229-30 (11th Cir. 1999). While the applicability of this ruling from Jones after the issuance of SSR 00-4p is not entirely clear, other courts have required the ALJ "to elicit an explanation for an apparent conflict [with the DOT] from the VE before relying on the VE's evidence." Estrada v. Barnhart, 417 F. Supp.2d 1299, 1303 & n.5 (M.D. Fla. 2006). Apparently, a discrepancy between the VE's testimony and the DOT is no longer a problem because, the Eleventh Circuit, albeit in an unpublished opinion, specifically held:

> Even assuming that an inconsistency existed between the testimony of the vocational expert and the DOT, the ALJ did not err when, without first resolving the alleged conflict, he relied on the testimony of the vocational expert. Our precedent establishes that the testimony of a vocational expert 'trumps' an inconsistent provision of the DOT in the Circuit.

Miller v. Comm'r of Soc. Sec., 246 Fed. Appx. 660, 662 (11th Cir. Aug. 31, 2007) (citing Jones, 190 F.3d at 1229-30). As such, assuming there was a conflict between the VE testimony and the DOT, the ALJ's failure to provide a reasonable explanation, does not in and of itself, require reversal.

The Court makes no determination on Plaintiff's second allegation of error.

12

However, on remand, the better practice would be for the ALJ, to provide, pursuant to Jones, some explanation as to the discrepancy between the VE's testimony and the DOT.

## IV. CONCLUSION

For the reasons described above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** for further consideration by the Commissioner consistent with this opinion.

SO REPORTED and RECOMMENDED this 3rd day of February, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE